```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,                  :
                                           :
               v.                          :         MEMORANDUM & ORDER
                                           :         21-CR-383 (WFK)
DAQUAN MCGRIFF,                            :
                                           :
                        Defendant.         :
-----------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 21, 2022, Pretrial Services notified the Court that Defendant, who is on supervised release, violated his conditions of release on fourteen separate occasions. ECF No. 16. On February 11, 2022, the Court held a bail revocation hearing at which the Court took testimony from Pretrial Services and the Defendant. For the reasons discussed below, the Court finds that Defendant violated the conditions of his release and orders him remanded into custody pending the disposition of his case.

## BACKGROUND

On July 21, 2021, a Grand Jury returned a single count Indictment charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment, ECF No. 2. On July 29, 2021, the Honorable Magistrate Judge Sanket J. Bulsara arraigned Defendant on the Indictment. Minute Entry, ECF No. 4. Defense counsel presented a bail package with two sureties, which the Government opposed. Magistrate Judge Bulsara granted the package and set bond at $75,000.00 with two sureties. The Government did not appeal Magistrate Judge Bulsara's decision.

Defendant's bail package contains, among other things, the following conditions for his release: (1) submit to substance abuse testing, evaluation, and treatment as directed; (2) submit to home detention with location monitoring, except for attorney visits, court appearances, medical treatment, stationary and verifiable employment, parole appointments, and other activities approved by Pretrial Services; and (3) submit to the third-party custody of his fiancée, Dainty Carr. Pretrial Violation Mem. ("PVM") at 1, ECF No. 16. Defendant must also refrain from

1

violating any federal, state, or local law while on release and from using or possessing unlawfully any controlled substances as defined in 21 U.S.C. § 802. Order, ECF No. 5.

On January 21, 2022, Pretrial Services notified the Court that Defendant had violated his conditions of release on fourteen separate occasions. PVM at 1. On February 11, 2022, the Court held a bail revocation hearing pursuant to Fed. R. Crim. Pro. 32.1 during which the Court took testimony from Pretrial Services and the Defendant.

According to Pretrial Services, Defendant first violated his conditions of release by testing positive for marijuana on November 15, 2021. Defendant initially denied having used any illicit substances, though he ultimately admitted to using marijuana.[1] PVM at 1. According to Pretrial Services, Defendant again tested positive for marijuana on December 8, 2021, after which Defendant admitted use. Pretrial Services admonished Defendant for his actions and lack of candor and warned him of the consequences of continuing to use illicit substances on supervision.

Pretrial Services also notified the Court that Defendant violated the home detention condition of his release by leaving his apartment without pre-approval from Pretrial Services on twelve separate occasions. PVM at 2. Multiple attempts to reach Defendant were unsuccessful, and Defendant repeatedly denied having left his apartment. On some of these occasions, Defendant claimed to have left his apartment to walk his dog, who is ill, despite the conditions of his release. Pretrial Services and the Defendant testified to the following instances in detail at the revocation hearing.

---

[1] At the February 11, 2022 bail revocation hearing, Defendant expressed an interest in obtaining a medical marijuana license but acknowledged that he had not yet obtained one.

First, according to Pretrial Services, Defendant left his apartment on October 30, 2021 at 12:34 A.M., traveled to an address near 149 Linden Street, Brooklyn, NY 11231, and returned home at 1:52 A.M. PVM at 2. Defendant denied leaving his apartment, claiming he would never leave without permission. *Id*. Defendant later maintained he had left his apartment to take out the trash, but he disputed the length of time he had allegedly spent outside of his apartment. Defendant acknowledged that he did not ask for permission to exit his apartment.

Second, Pretrial Services reported that on November 15, 2021, Defendant left his apartment without permission at 12:38 A.M., traveled to a playground near 315 Bushwick Avenue, Brooklyn, NY 11206, and returned at 1:12 A.M. *Id*. Pretrial Services made "multiple attempts" to contact Defendant, but those attempts were unsuccessful. *Id*. When Defendant did not respond, Pretrial Services contacted Defendant's third-party custodian, Dainty Carr, who suggested Defendant might have gone to the bathroom before abruptly ending the call. *Id*. Subsequent attempts to reach Ms. Carr were unsuccessful. *Id*. As instructed, Defendant reported to Pretrial Services the following morning. *Id*. When confronted about his unauthorized leave, Defendant denied leaving his apartment. *Id*. However, at his bail revocation hearing, Defendant admitted he left and claimed he did so to give one of his dogs to a third party, which he did pursuant to an order to give up one of his dogs. Defendant claims to have called Pretrial Services approximately three times and left two voicemail messages prior to leaving his apartment.

Third, on December 6, 2021, Defendant left his apartment without permission at 6:05 P.M., traveled to Food Bazaar Supermarket located at 21 Manhattan Avenue, Brooklyn, NY 11206, and returned at 6:43 P.M. Pretrial Services' unsuccessfully attempted to contact Defendant and Ms. Carr. When confronted about this unauthorized leave, Defendant said he left

to purchase personal hygiene products for Ms. Carr, who was experiencing severe pain. Defendant claims he left a voicemail message for Pretrial Services prior to exiting his apartment.

Fourth, on January 1, 2022, Defendant left his apartment at 2:34 A.M., walked around his neighborhood, and traveled to an address near 24 Humboldt Street, Brooklyn, New York 11206, where he stayed for approximately two hours. According to Pretrial Services, Defendant proceeded to the intersection of Humboldt and Moore Streets and then to an address near 29 Cook Street, Brooklyn, New York 11206, where he stayed for approximately 75 minutes. Defendant denies ever having been to 29 Cook Street. Defendant returned to his apartment over five hours later. During this time, multiple calls to the Defendant went unanswered. When confronted with this unauthorized leave, Defendant claims he went to a family event to pick up food for himself and Ms. Carr, who had contracted COVID-19, and stayed to speak with members of his family. Ms. Carr later added that Defendant left to pick up medication on her behalf.

Finally, on January 18, 2022, Defendant received permission to take a COVID-19 test. After returning home, he left without permission at 6:28 P.M., traveled to a location near the intersection of Broadway and Graham Avenue, and returned at 7:09 P.M. Defendant claimed he went to a pharmacy to pick up medication.

## DISCUSSION

### I. Legal Standard

A defendant released pending trial pursuant to 18 U.S.C. § 3142 "who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). After a hearing, a judicial officer "shall enter an order of revocation and detention if . . . the judicial officer – (1) finds that there is.

4

. . clear and convincing evidence that the person has violated any other condition of release; and (2) finds that – (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

The Court may revoke Defendant's bond upon a finding that there is "clear and convincing evidence that [he] has violated any [] condition of release" and, based on the factors set forth in 18 U.S.C. § 3142(g), "there is no condition or combination of conditions of release that will assure that [he] will not flee or pose a danger to the safety of any other person or the community; or [he] is unlikely to abide by any condition or combination of conditions of release." *United States of America v. Russo*, No. 20-CR-023(DLI), 2021 WL 1176169, at *2 (E.D.N.Y. Mar. 29, 2021) (Irizarry, J.) (citing 18 U.S.C. § 3148(b)(1-2)). "The clear and convincing evidence standard is somewhere between the preponderance of the evidence standard and the proof beyond a reasonable doubt standard." *Bastien v. William*, No. 03 Civ. 5749, 2004 WL 2978283, at *4 (S.D.N.Y. Dec. 20, 2004) (Cote, J.) (citing *Addington v. Texas*, 441 U.S. 418, 431 (1979)). There must be "a high degree of certainty" that Defendant violated the conditions of his release. *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985).

**II.     Analysis**

There is clear and convincing evidence that Defendant violated the conditions of his release and that he is unlikely to abide by any condition or combination of conditions of release.

First, there is no dispute Defendant violated the conditions of his release by ingesting marijuana. Defendant's conditions of release prohibit him from violating any

5

federal, state, or local law while on release and from using or possessing unlawfully any controlled substances as defined in 21 U.S.C. §802. Yet Defendant admitted to testing positive for marijuana on two occasions. Defendant's admitted use of marijuana constitutes a clear violation of this condition.

Second, there is no dispute Defendant violated the conditions of his release by leaving his apartment without permission. Defendant's conditions of release require him to submit to home detention with location monitoring unless certain exceptions apply. However, Defendant left his apartment on twelve occasions without permission and without meeting any of the enumerated exceptions between October 2021 and January 2022. Defendant and Pretrial Services acknowledged, against the backdrop of data collected from Defendant's GPS monitoring, that Defendant left his apartment without authorization. Among the justifications Defendant provided for his unauthorized absences were that he needed to take out the trash, to walk his sick dog, to pick up food, and to speak with his family. These justifications, however, do not constitute emergencies and thus do not excuse his admitted violations of the conditions of his release. As a result, the Court finds by clear and convincing evidence that Defendant violated the conditions of his release.

The sheer number of Defendant's violations is sufficient to establish that Defendant "is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). Defendant violated the home detention condition of his release on twelve occasions, despite various admonishments and warnings about the consequences of his actions. He also tested positive for marijuana on two separate

6

occasions. Given the number of times Defendant violated the conditions of his release, the Court finds that Defendant will not abide by any combination of conditions of release.

## CONCLUSION

For the foregoing reasons, the Court revokes Defendant's bond and orders Defendant remanded into custody.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 18, 2022
       Brooklyn, New York

```
A TRUE COPY
ATTEST
DATE February 18, 2022
BRENNA B. MAHONEY
                            CLERK
BY _____
            DEPUTY CLERK
```